### NATIONAL LABOR RELATIONS BOARD v. E. C. ATKINS & CO.

No. 8669.

Circuit Court of Appeals, Seventh Circuit.

May 31, 1946.

Malcolm F. Halliday, Alvin J. Rockwell, and Ruth Weyand, all of Washington, D. C., for petitioner.

Roscoe Pound, of Cambridge, Mass., Kurt F. Pantzer, Frederic D. Anderson, and Barnes, Hickam, Pantzer & Boyd, all of Indianapolis, Ind. (Lewis C. Bose and Carter B. Tharp, both of Indianapolis, Ind., of counsel), for respondent.

Before SPARKS, MAJOR and KERNER, Circuit Judges.

MAJOR, Circuit Judge.

This matter is before us on motion of petitioner to enter a decree enforcing its order issued against respondent on May 30, 1944. The same request was denied by this court on February 27, 1945. National Labor Relations Board v. E. C. Atkins & Co., 147 F.2d 730. We see no reason to reiterate the facts involved, the questions presented and the reasons for our refusal to enforce as they are fully disclosed in our opinion rendered at that time.

On June 4, 1945, the Supreme Court of the United States granted a writ of certiorari to review the aforesaid judgment of this court, vacated the judgment and remanded the case "for further consideration of the alleged changed circumstances with respect to the demilitarization of the employees involved, and the effect thereof on the Board's orders" (325 U.S. 838, 65 S.Ct. 1413, 89 L.Ed. 1965). On February 23, 1946, the parties entered into a stipulation as to the facts concerning such demilitarization, including the time and manner thereof as well as the present status of those thus demilitarized.

We formerly refused to enforce the Board's order on the ground that, since the alleged employees (plant guards) were militarized, they were not employees of respondent within the meaning of § 2(3) of the National Labor Relations Act, 29 U.S.C.A. § 152(3). Alternatively, we held that even if the guards, despite their militarized status, be considered employees of respondent, enforcement of the Board's order "should not be allowed * * * (because) to do so would be or is likely to be inimical to the public welfare."

We have considered the facts relative to the changed status of the plant guards by reason of their demilitarization and are of the opinion that they are irrelevant to the issues which we have heretofore decided adversely to the Board. Certainly such is the case with reference to

our decision that the plant guards were not employees of respondent within the meaning of the Act. In fact, the irrelevancy of the changed circumstances as to this issue is conceded by the Board. We are urged by the Board, however, to reverse our former decision and to hold that the plant guards were employees. We have also given this matter further consideration and are of the opinion that our former decision in this respect was correct, and we reaffirm it.

Although we are doubtful that the facts concerning the demilitarization of the plant guards and their changed status as a result thereof are material to our alternative holding that the enforcement of the Board's order "would be or is likely to be inimical to the public welfare," there is no necessity for decision on our part in this respect. This is so for the reason that the latter issue is immaterial in view of our decision that the plant guards were not employees.

We therefore reinstate our former judgment in this matter for the reasons stated in our former opinion, and again deny the Board's motion for enforcement of its order.